1

2

3

4          UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
5                 AT TACOMA

6  GREGORY DEAN HEMMINGER, JR.,

7                    Plaintiff,          Case No. 2:24-cv-00659-DGE-TLF

8         v.                             REPORT AND
                                         RECOMMENDATION
9  PAUL NELSON, et al.,
                                         NOTED FOR MARCH 7, 2025
                     Defendants.
10

11                          **BACKGROUND**

12         The District Court has referred this action to United States Magistrate Judge

13  Theresa L. Fricke. On May 28, 2024, plaintiff filed a motion to proceed *in forma pauperis*

14  (IFP) and a proposed civil rights complaint under 42 U.S.C. 1983. Dkts. 1, 4.

15         After screening the proposed complaint, the Court ordered plaintiff to show cause

16  why the Court had federal question jurisdiction over plaintiff's action because he did not

17  assert any federal claims against any defendant. Dkt. 7. The Court further noted

18  plaintiff's complaint did not assert specific actions or inactions by most of the named

19  defendants, and one of the defendants – Paul Nelson – serves as a judge and appears

20  to have judicial immunity. *Id.*

21         The Court ordered plaintiff to either show cause by July 12, 2024, why the

22  complaint should not be dismissed without prejudice, or file an amended complaint. *Id.*

23

24

25

REPORT AND RECOMMENDATION - 1

Plaintiff filed a timely proposed amended complaint on July 8, 2024. Dkt. 8. The Court screened plaintiff's amended complaint and on August 23, 2024 ordered plaintiff to show cause why his cause of action should not be dismissed or file a second amended complaint. Dkt. 12. Plaintiff failed to comply with Federal Civil Rule of Procedure 8 and provide short, plain statements showing plaintiff is entitled to relief. For instance, plaintiff claimed employees of the Skagit Community Justice Center (SCJC) threatened plaintiff for invoking his right to pro se representation but did not plead any facts related to any acts or omissions by the SCJC staff that would constitute a violation of his First Amendment rights. Further, plaintiff again named Paul Nelson, a judge at Mount Vernon Municipal Court, as a defendant but there are no allegations that Defendant Nelson took any actions outside of his role as a judge. Judicial immunity would therefore apply. The Court gave plaintiff until September 18, 2024, to file a second amended complaint curing, if possible, the deficiencies identified by the Court. Dkt. 12.

The Court's August 23, 2024, order to show cause to plaintiff was returned as undeliverable. Dkt. 13. The Court subsequently entered an order to show cause requesting that plaintiff update his address. Dkt. 14. Plaintiff has changed his address twice since then (Dkts. 15, 21), and each time the Court was notified of plaintiff's new address, the Court provided plaintiff an extension of time to file his proposed second amended complaint (Dkts. 17, 19, 22). The most recent order from the Court instructed plaintiff to file his second amended complaint by February 7, 2025. Dkt. 22.

Plaintiff has failed to respond to the Court's order to show cause or communicated with the Court.

**DISCUSSION**

i.    **Failure to Prosecute**

Federal Rule of Civil Procedure 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *See id.* at 633.

In determining whether plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first and second factors favor dismissal of the case. The third factor weighs against dismissal because the defendants have not been served in this case. The fourth

factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The Court has already ordered plaintiff to show cause why this matter should not be dismissed and has given plaintiff more than one opportunity to amend the complaint. Plaintiff has not responded to the Court's most recent order. The Court finds that only one less drastic sanction is realistically available.

Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The complaint and this action should therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### ii.    Failure to State Claim

Additionally, plaintiff's proposed amended complaint (Dkt. 8), and this action, should be dismissed without prejudice for failure to state a claim.

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of [the]

1    complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v.*

2    *Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX*

3    *Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Sparling v. Hoffman*

4    *Construction, Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d

5    1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted

6    "where the amendment would be futile or where the amended complaint would be

7    subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citing

8    *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990); *Moore v. Kayport*

9    *Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989)).

10        The Court liberally construes *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97,

11    106 (1976). Yet, Rule 8(a) of the Federal Rules of Civil Procedure provides that in order

12    for a pleading to state a claim for relief it must contain a short and plain statement of the

13    grounds for the court's jurisdiction, a short and plain statement of the claim showing that

14    the pleader is entitled to relief, and a demand for the relief sought. The statement of the

15    claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is

16    and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

17        To avoid dismissal, a complaint must contain sufficient factual matter, accepted

18    as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S.

19    662, 664 (2009). The factual allegations must be "enough to raise a right to relief above

20    the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The

21    complaint may be dismissed if it lacks a cognizable legal theory or states insufficient

22    facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir.

23    2013). A complaint is frivolous if it "lacks an arguable basis in law or in fact." *Neitzke v.*

24

25

1  *Williams,* 490 U.S. 319, 325 (1989); *Wainscott v. San Diego Cty.*, 9 F.3d 1555 (9th Cir.

2  1993).

3         To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the

4  conduct complained of was committed by a person acting under color of state law, and

5  (2) the conduct deprived a person of a right, privilege, or immunity secured by the

6  Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981),

7  *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). The first step in a

8  § 1983 claim is therefore to identify the specific constitutional right allegedly infringed.

9  *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must

10  allege facts showing how individually named defendants caused, or personally

11  participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d

12  1350, 1355 (9th Cir. 1981). Section 1983 is the appropriate avenue to remedy an

13  alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769

14  F.2d 1350, 1354 (9th Cir. 1985).

15        Here, plaintiff fails to state a claim under Section 1983. Under count one, plaintiff

16  lists factual conclusions that employees of the Skagit Community Justice Center (SCJC)

17  threatened plaintiff for invoking his right to pro se representation. Dkt. 8 at 7. Plaintiff

18  fails to plead any facts related to how the SCJC staff violated his First Amendment

19  rights.

20        Under count two, plaintiff also fails to plead any facts related to how defendants Paul

21  Nelson and Sergeant Paulette Storie violated his Sixth Amendment rights. *Id.* at 12.

22  Further, plaintiff states defendant Paul Nelson is a judge and a commissioner at the

23  Mount Vernon Municipal Court. *Id.* at 7, 12. Assuming, for purposes of this analysis, that

24

25

Mr. Nelson serves as a judicial officer, "judges are absolutely immune from damages

actions for judicial acts taken within the jurisdiction of their courts." *Schucker v.*

*Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988), cert. denied, 488 U.S. 995 (1988);

*Mireles v. Waco,* 502 U.S. 9, 9–12 (1991). Here, plaintiff's claim does not allege any

facts to indicate the actions of Defendant Nelson were taken outside of his role as a

judge. Defendant Nelson, on the face of this complaint, would seem to be immune from

liability.

Plaintiff alleges he was wrongfully accused of misusing pro se supplies but fails to

allege how defendants participated in that alleged violation of his constitutional rights.

*Id.* Plaintiff further asserts that having inadequate materials and counsel violated his

Fourteenth Amendment rights but this is a conclusory claim; plaintiff provides no factual

allegations to support his claim. *Id.* at 13.

Under count three, it appears plaintiff is attempting to bring a claim under the

Fourteenth Amendment. *Id.* Plaintiff states his pro se pretrial detainee status "revoked,"

but does not assert facts to describe how any violation of due process or equal

protection happened, nor does plaintiff list any defendants who were involved in this

alleged violation. *Id*.

In sum, plaintiff has failed to assert facts to support allegations of what happened,

when it happened, who was involved, and how the persons who allegedly are

responsible caused any violation of his rights. As such, because plaintiff has failed to

state a claim, his IFP motion should be denied, and his complaint should be dismissed.

**CONCLUSION**

Plaintiff's IFP motion should be DENIED, and his proposed amended complaint (Dkt. 8) should be DISMISSED without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **March 7, 2025**, as noted in the caption.

Dated this 20th day of February, 2025.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge